UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60258-CIV-COHN/SELTZER

GLORIA MARTINEZ,

    Plaintiff,

v.

ETHICON ENDO-SURGERY, INC., JESSE
CHAWLA and BROWARD HEALTH d/b/a
NORTH BROWARD MEDICAL CENTER,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT AND GRANTING PLAINTIFF'S MOTION TO REMAND

**THIS CAUSE** is before the Court on Plaintiff Gloria Martinez's Motion to Remand to State Court [DE 5] ("Motion to Remand") and Defendant Ethicon Endo-Surgery, Inc's ("Ethicon's") Motion to Strike Plaintiff's Amended Complaint [DE 20] ("Motion to Strike"). The Court has considered the Motion to Remand, Motion to Strike, Defendant Ethicon Endo-Surgery, Inc.'s ("Ethicon's") Response to the Motion to Remand [DE 17], Plaintiff's Reply to Ethicon's Response [DE 18], the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

On December 14, 2010, Plaintiff brought this action against Defendants Ethicon and Jesse Chawla in the Seventeenth Judicial Circuit Court in and for Broward County, Florida. See Notice of Removal [DE 1]. On January 19, 2011, Plaintiff notified Defendants' counsel that Plaintiff would soon file an amended complaint adding North Broward Medical Center ("Broward Health") as a defendant. Id. at 2. Thereafter, on

February 7, 2011, Defendants removed the case to this Court based on diversity jurisdiction. See Notice of Removal. Hours later, Plaintiff filed her amended complaint in state court, joining Broward Health as a defendant. Mot. to Remand at 2.[1]

On February 17, 2011, Plaintiff moved to remand this case based on lack of diversity. Plaintiff then filed her Amended Complaint [DE 19] in this Court on March 7, 2011, joining Broward Health, a non-diverse defendant. The next day, Defendants moved to strike the Amended Complaint. As discussed below, the Court will grant the Motion to Remand for lack of diversity and deny the Motion to Strike.

## II. MOTION TO REMAND

### A. Legal Standard

Federal courts are courts of limited jurisdiction. See 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984 & Supp. 2008). Federal subject matter jurisdiction exists only when a controversy involves a question of federal law or diversity of citizenship between the parties. See 28 U.S.C. §§ 1331-1332. The instant case does not involve a question of federal law. Accordingly, the Court may hear the case only if diversity jurisdiction exists.

Diversity jurisdiction exists when the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; see also Palmer v. Hosp. Auth., 22 F.3d 1559, 1564 (11th Cir. 1994) (diversity jurisdiction requires complete diversity); Gafford v. Gen. Elec. Co., 997 F.2d

---

[1] Defendants represent that they filed their Notice of Removal at 8:41am on February 7, 2011, and they received Plaintiff's amended complaint joining Broward Health via fax at 4:56pm that day. Resp. at 3. Plaintiff does not dispute these times.

150, 158 (6th Cir. 1993) ("[O]ne means by which Congress has sought to limit access to federal courts in diversity cases is the amount-in-controversy requirement."). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer v. Hosp. Auth., 22 F.3d 1559, 1564 (11th Cir. 1994). Neither party challenges whether the amount in controversy exceeds $75,000. The only dispute is whether complete diversity exists.

### B. Plaintiff's Motion to Remand

There is no disagreement as to the citizenship of each party: Plaintiff is a Florida citizen; Ethicon is an Ohio citizen; Mr. Chawla is a Florida citizen; and Broward Health is a Florida citizen. Because two defendants are citizens of the same state as Plaintiff, complete diversity does not exist. Therefore, the Court does not have subject matter jurisdiction to hear this case.

Nevertheless, Defendants argue that complete diversity does exist, because neither Florida defendant was properly joined. Specifically, Defendants contend that Broward Health was never joined as a defendant to this case, and Mr. Chawla's joinder was fraudulent. With respect to Broward Health, Defendants contend that Plaintiff never joined this party because the state court amended complaint was filed several hours after Defendants removed the case to this Court. As Defendants note, the state court amended complaint has no effect in this action because the Notice of Removal effectively terminated the state court's jurisdiction. See Maseda v. Honda Motor Co., 861 F.2d 1248, 1254 n.11 (11th Cir. 1988); Dixon v. DB50 2001-1 Trust, No. 3:10-CV-35 (CDL), 2010 WL 5174758, at *2 (M.D. Ga. Dec. 15, 2010) (citing Madeda, 861 F.2d at 1254-55); Univ. Books & Videos, Inc. v. Metro. Dade Cnty., 930 F. Supp. 1534, 1536

3

(S.D. Fla. 1996). However, on March 7, 2011, Plaintiff also filed an Amended Complaint in this Court, joining Broward Health as a defendant in this action. Defendants then moved to strike the Amended Complaint, but as discussed below, the Court will deny this request and permit Plaintiff to join Broward Health.

As Broward Health and Plaintiff are both Florida citizens, there is no complete diversity. Because Broward Health's joinder defeats federal subject matter jurisdiction, the Court does not reach the issue of whether Mr. Chawla's joinder was fraudulent. Instead, the Court will remand the case to state court for lack of subject matter jurisdiction.

### III. MOTION TO STRIKE

Defendants' Motion to Strike argues that Plaintiff's Amended Complaint fails under 28 U.S.C. § 1447(e) and Federal Rule of Civil Procedure 15(a). However, § 1447(e) actually provides courts with discretion to permit joinder and remand the case, and Rule 15(a)(2) instructs courts to permit leave to amend when justice so requires. As discussed below, the Court will not strike Plaintiff's Amended Complaint.

#### A. Section 1447(e)

Section 1447(e) provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, *or permit joinder and remand the action to the State court.*" 28 U.S.C. § 1447(e) (emphasis added). When considering a request to add a non-diverse defendant under § 1447(e), a court should consider factors such as: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the

4

plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities." Henry v. K-Mart Corp., No. 8:10-cv-2105-T-33MAP, 2010 WL 5113558, at **1-2 (M.D. Fla. Dec. 9, 2010) (citing Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)).

Defendants make two argument against permitting Plaintiff's amendment under § 1447(e). First, Defendants argue that the amendment is merely Plaintiff's "attempt[] to salvage her remand arguments," Mot. to Strike at 1, but the record refutes this argument. Plaintiff did not wait until removal to begin amending her pleading to add Broward Health as a defendant; instead, Plaintiff notified Defendants in a January 19, 2011 email, almost three weeks before Defendants filed their Notice of Removal, that Plaintiff had already prepared an amended complaint adding Broward Health as a defendant. See Exhibit A to Response [DE 18-1]. Second, Defendants contend that "diverse defendant[s have a] right to choose between a state or federal forum," id. at 3 (citing Burr v. Phillip Morris, USA, NO. 8:07-cv-1429-T-23MSS, 2008 WL 2229689, at *1 (M.D. Fla. May 28, 2008)). However, had Defendants permitted Plaintiff to file her amended complaint adding Broward Health as a defendant before removal, as she mentioned she was going to do, Defendants would not have been diverse. As for the remaining factors to consider in a § 1447(e) analysis, Plaintiff was not dilatory in seeking amendment, she could be injured should the Court not permit her to bring her case against Broward Health, and Defendants have not presented any other equitable argument why the Court should not permit amendment. Therefore, under § 1447(e), the Court will permit Plaintiff to join Broward Health as a defendant.

## B. Rule 15(a)

Rule 15(a) also permits Plaintiff's amendment. Defendants argue that Rule 15(a) prohibits the amendment because part (1) of the rule limits amendments as a matter of course to two situations, neither of which applies here.[2] Regardless, part (2) of the rule permits amendments outside of the part (1) situations when the court grants leave. See Fed. R. Civ. P. 15(a)(2). Part (2) further instructs that "[t]he court should freely give leave when justice so requires." Id. In construing this rule, the Supreme Court has held as follows:

> In the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). Defendants have demonstrated no apparent or declared reason why the Court should not grant Plaintiff leave to amend here. Therefore, the Court, in its discretion, will freely give leave to amend and will not strike Plaintiff's Amended Complaint.

---

[2] Rule 15(a)(1) provides:

A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

6

## IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Strike Plaintiff's Amended Complaint [DE 20] is **DENIED**;

2. Plaintiff's Motion to Remand to State Court [DE 5] is **GRANTED**, and this case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, for lack of subject matter jurisdiction;

3. The Clerk of this Court is hereby directed to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. 10-47407 (18).

4. All pending motions are **DENIED as moot**, and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 24 day of March, 2011.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of record via CM/ECF